PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2001 Chevrolet Blazer struck a broken section of culvert on County Route 26/3, locally designated as Mouse Creek Road, in Mt. Nebo, Nicholas county. County Route 26/3 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 4:00 p.m. on August 6, 2009. County Route 26/3 is a one-lane dirt road with a metal culvert running perpendicular under the road. Claimant, Ginger Brown, stated that she lives on the road in question and drives it every day. Ms. Brown stated that, prior to the incident, she was aware that a piece of the metal culvert that runs across the road was broken and sharp. Ms. Brown testified that she called Respondent to report the broken culvert and that within a few days it had been covered with a sheet of metal. At the time of the incident, Ms. Brown was driving home with her daughter. Ms. Brown stated that they drove approximately one tenth of a mile beyond the culvert before two of her vehicle’s tires went flat, forcing the Claimant and her daughter to walk home. Claimant stated that when she returned to look at the culvert the metal sheet which had been covering the broken section had been moved. As a result of this incident, Claimant’s vehicle sustained damage to two tires, requiring that they be replaced in the amount of $135.90. Claimant’s insurance declaration sheet indicates that her collision deductible is $1000.00.
It is Claimant’s position that Respondent knew or should have known about broken culvert on County Route 26/3 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain County Route 26/3 prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on County Route 26/3 at the time of the incident. Respondent presented no witnesses.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the condition on County Route 26/3. Since a sharp section of broken culvert created a hazard to the traveling public, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $135.90.
*195 Award of $135.90.